Matthew **MANGANARO** and **MicroImage Software Corp.**

v.

**INTEROPTEC CORPORATION,** James **P. Roynan** and **Sina Adibi.**

Civ. A. No. 95–326.

United States District Court, E.D. Pennsylvania.

Jan. 23, 1995.

J. Philip Kirchner, Flaster, Greenberg, Wallenstein, Roderick, Spirgel, Zuckerman, Skinner & Kirchner, P.C., Marlton, NJ, for plaintiffs.

Sean P. McDevitt, Pepper, Hamilton & Scheetz, Berwyn, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Before this Court today is Plaintiffs' request for a Temporary Restraining Order against Defendants. Plaintiffs' Complaint alleges causes of action under theories of breach of contract, conversion, tortious interference and fraud. The immediate relief requested is an order that would:

1) enjoin Defendants from using, copying, developing derivative works from, or transferring in any way to any third party, the original source code and any source codes or other derivative works derived from the original source code of the computer software known as OpticImage;

2) enjoin Defendants from divulging or making any use of OpticImage; and

3) order Defendants to return to MicroImage and Manganaro all originals and copies of OpticImage in their possession, along with all development tools relating to OpticImage in their possession.

## FACTS

According to the facts alleged by the parties, Matthew Manganaro purchased all rights, title and interest in a computer software program called OpticImage in 1993.

OpticImage is a document sorting program. Manganaro granted MicroImage the exclusive rights to distribute OpticImage and in turn, MicroImage hired InteropTec to further develop OpticImage to make it commercially viable. InteropTec received an Assignment and Security Agreement from MicroImage.

At some point in 1994, Plaintiffs arranged to have Defendants transfer its unfinished work on OpticImage to a second software development firm, Vista Development, because Defendants had allegedly failed to complete the development as agreed. The floppy disc Vista received from Defendants allegedly indicated that Defendants had been developing software using the source code from OpticImage and a third party.

Upon learning of this discovery, Plaintiffs asked Vista to send the floppy disc to them. According to Plaintiffs, their investigation revealed that Defendants had copied and used OpticImage's source code for a project not affiliated with or related in any way to Plaintiffs.

To date, InteropTec has admittedly refused to return the original OpticImage source code to Plaintiffs. It asserts that pursuant to the InteropTec/MicroImage contracts it has no duty to return the source code directly to Plaintiffs, but instead, is obligated only to give it to an escrow agent as may be established by Plaintiffs. Defendants further allege that Plaintiffs have not established an escrow agent. Defendants assert that if InteropTec returns the source code to Plaintiffs directly, its security interest is lost.

## DISCUSSION

Rule 65(a) of the Federal Rules of Civil Procedure establishes the federal standard governing requests for preliminary injunctions. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) (quoting *Systems Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1141 (3d Cir.1977)). Injunctive relief is an extraordinary remedy that should be granted only in limited circumstances. *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir.1988). At the trial

level, the party seeking a preliminary injunction bears the burden of convincing the court that: (1) the movant has shown a reasonable probability of success on the merits; (2) the movant will be irreparably injured by denial of relief; (3) granting preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest. *Campbell Soup Co. v. Conagra, Inc.,* 977 F.2d 86, 90–91 (3d Cir.1992); *ECRI v. McGraw–Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). Showing a risk of mere irreparable harm is not enough to warrant injunctive relief. A plaintiff must make a *"clear* showing of *immediate* irreparable (not merely serious or substantial) injury of a peculiar nature so that compensation in money cannot atone for it." *Campbell Soup,* 977 F.2d at 91–92 (emphasis added); *ECRI,* 809 F.2d at 226; *In re Arthur Treacher's Franchisee Litig.,* 689 F.2d 1137, 1145 (3d Cir.1982).

Plaintiffs argue that injunctive relief is necessary, first, because they will suffer irreparable harm without it. They support this argument by asserting that without the original source code they cannot fulfill their contractual obligations to their clients, which will cause future business and profit losses to those clients. This harm cannot be calculated, they assert, and cannot therefore be compensated for in money.

Plaintiffs argue next that they lack an adequate remedy at law because, without the source code, they will suffer loss of business, law suits by third parties, and irreparable damage to their reputation. They allege that it is impossible to put a dollar value on these harms, so there is no adequate remedy at law for them.

Third, Plaintiffs assert that they have shown a likelihood of success on the merits because of several allegedly uncontroverted facts. First, the contracts between Plaintiffs and Defendants establish the relationship between the parties and their respective rights and duties. Second, Plaintiffs assert they have tangible proof (the floppy disc) and admissions (by Defendants' counsel) that the relationship has been violated.

Finally, Plaintiffs allege that they will suffer a greater hardship if injunctive relief is denied than Defendants will if it is granted. They argue that Defendants have no legal or equitable claim to the source code and so will suffer no harm if ordered to return the source code, but that they will suffer great harm if Defendants do not return it.

Plaintiffs do not make any argument that granting this extraordinary relief will be in the public's interest.

■ We find that Plaintiffs have not made an adequate showing that they face immediate, irreparable harm that has no adequate remedy at law. Because this showing is clearly not made, we need not make any judgments as to the other elements. Generally, a party can show it will be irreparably harmed if "it cannot be adequately compensated in damages because of the nature of the right or property that is injured or because there exists no certain pecuniary standard for measurement of damages." *Albert E. Price, Inc. v. Metzner,* 574 F.Supp. 281, 289 (E.D.Pa.1983). The Third Circuit has repeatedly held that loss of sales and loss of business reputation, like the other harms Plaintiffs allege, are all harms that can be remedied legally. In *Instant Air Freight,* the plaintiff alleged that its "business w[ould] be completely destroyed, its employees and jobs w[ould] be lost and its goodwill and business reputation w[ould] be ruined" without injunctive relief. 882 F.2d at 801. The Third Circuit held that "money damages will fully compensate [plaintiff] for its losses." *Id.; Frank's GMC,* 847 F.2d at 102 (loss of sales and service customers compensable by money damages).

Here, Plaintiffs' factual showing consists of an affidavit of Plaintiffs' counsel. This affidavit speaks solely to whether Defendants copied the source code; it does not discuss harm or damages to Plaintiffs in any way. Plaintiffs have made no showing that there *will* be any future harms, that the magnitude of any harm is incalculable or that the alleged harm is in any way immediate. *Price,* 574 F.Supp. at 289. Their assertions of irreparable harm are hypothetical customers that may need hypothetical assistance. Plaintiffs do not divulge exactly which customers need help or what kind of assistance

is necessary or how possession of the source code will help them help their clients. Moreover, Plaintiffs do not produce any evidence that their alleged damages cannot be remedied at law.

Based on the above, we conclude that Plaintiffs have not made an adequate showing to warrant the extraordinary relief requested. Accordingly, the motion for a preliminary injunction is DENIED.